UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ESTELL L. THOMAS, | Case No. 2:23-cv-00397-MMD-EJY |
| Plaintiff, | ORDER |
| v. | |
| LOUIS DEJOY, | |
| Defendant. | |

**I.    SUMMARY**

Plaintiff Estell L. Thomas, proceeding *pro se*, asserts claims against Defendant Louis DeJoy, the Postmaster General of the United States Postal Service ("USPS") arising out of her former employment with USPS. In a prior order addressing Defendant's motion to dismiss (ECF No. 45 ("Order")), the Court dismissed Plaintiff's reprisal claim without prejudice for failure to exhaust administrative remedies, dismissed Plaintiff's claims for race discrimination and disability discrimination based on disparate treatment for failure to state a claim with leave to amend, and allowed the remaining claim for disability discrimination based on failure to accommodate to proceed. Plaintiff filed an amended complaint (ECF No. 48) and an errata to the amended complaint (ECF No. 50 ("FAC")). Before the Court is Defendant's motion to dismiss (ECF No. 62 ("Defendant's Motion")) and Plaintiff's counter motion for summary judgment (ECF No. 73 ("Plaintiff's Motion")).[1] As further explained below, the Court will grant in part and

---

[1] The Court has reviewed the related filings, including errata. (ECF Nos. 67 72, 73, 75, 78, 79, 80.) As USPS noted, Plaintiff's response to Defendant's Motion is 35 pages in length, which violates LR 7-3's limit on the length of response briefs to 24 pages. *See* LR 7-3. *Pro se* litigants like Plaintiff must follow the same rules of procedure that govern other litigants. *See United States v. Merrill*, 746 F.2d 458, 465 (9th Cir.1984), *cert. denied*, 469 U.S. 1165 (1985). Moreover, the Court notes that Plaintiff's response is unnecessarily lengthy because she summarizes prior filings, including the

deny in part Defendant's Motion and deny Plaintiff's Motion.[2]

## II.  BACKGROUND

Thomas worked for USPS as a full-time mail processing clerk in Las Vegas, Nevada, until her retirement in December 2019.[3] (ECF No. 50 at 2, 32.) Her duties included "unloading mail from the dock, pitching letters, flats, and parcels, working in the box section, and assisting customers." (*Id.* at 2.) She was "diagnosed with neuropathy of feet, plantar fasciitis, calcaneal spurs, osteoarthritis, and localized edema sometime between 2012 and 2017." (*Id.* at 4.) In 2013, her duties at USPS were changed to "pitching parcels" which is the "most arduous duty," and which only she was required to undertake. (*Id.* at 3, 15.) Other mail processing clerks were tasked with duties that allowed them to sit or use a rest bar. (*Id.* at 3, 12-13, 23.)

Thomas asserts four claims in the FAC arising from her employment: race discrimination (because she is African American), reprisal for Equal Employment Opportunity ("EEO") protected activity, disability discrimination, and harassment/hostile work environment. (*Id.* at 36.) Defendant seeks to dismiss the amended claims (with the exception of Plaintiff's disability discrimination claim based on failure to provide reasonable accommodation, given that the Court earlier denied dismissal of that claim

---

allegations in the Complaint, Defendant's arguments in the earlier motion to dismiss, her response, and the Court's prior findings, and then reargues the Court's findings. (*See e.g.*, ECF No. 67 at 4-16 (addressing a failure to exhaust administrative remedies argument as to the reprisal claim that Defendant raised in its earlier dismissal motion, but not its current Motion).) Nevertheless, the Court will consider Plaintiff's response, instead of striking her response or considering only the arguments contained in the first 24 pages of the response, both of which are potential remedies for violation of LR 7-3.

[2]The Court does not address two remaining motions, which are referred to the Magistrate Judge.

[3]The background facts remain the same, so the Court incorporates its summary of the relevant background from the Order. (ECF No. 45 at 1-4.) The FAC (39 pages) (ECF No. 50) is much lengthier than the Complaint (9 pages) (ECF No. 1). But with the exception of a few paragraphs (which the Court will address in its discussion below), the allegations relate to Plaintiff's medical conditions and requests for reasonable accommodation, also including lengthy legal discussions.

(ECF No. 45 at 5)).[4] (ECF No. 62.)

### III. MOTION TO DISMISS

Defendant moves to dismiss Thomas' discrimination claims under Federal Rule of Civil Procedure 12(b)(6)[5], arguing that Thomas did not cure the deficiencies identified in the Order. Defendant also seeks dismissal of Plaintiff's newly-asserted claim for harassment/hostile work environment for failure to exhaust administrative remedies.[6] The Court will address each claim in turn.

#### A. Race Discrimination

To establish a prima facie case under Title VII, Plaintiff must show that: (1) she belongs to a class of persons protected by Title VII; (2) she performed her job satisfactorily; (3) she suffered an "adverse employment action"; and (4) her employer treated her differently than a "similarly situated" employee who does not belong to the same protected class. *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1028 (9th Cir. 2006). As an alternative to comparator evidence related to a similarly situated employee, a plaintiff may instead provide evidence of "other circumstances surrounding the adverse employment action [that] give rise to an inference of discrimination." *Peterson v. Hewlett-Packard Co.*, 358 F.3d 599, 603 (9th Cir. 2004).

In the Order, the Court found Thomas sufficiently alleged the first and second elements of a prima facie case, but failed to sufficiently allege facts to state a plausible

---

[4]The Order dismissed Plaintiff's reprisal claim based on Plaintiff's failure to exhaust administrative remedies. (ECF No. 45 at 4-5.) The FAC asserts a similar reprisal claim. (ECF No. 50 at 35-36.) The Court agrees with Defendant that this claim should be dismissed (ECF No. 62 at 16) and grants Defendant's Motion as to that claim.

[5]The Order discussed the legal standard for dismissal under Rule 12(b)(6). (ECF No. 45 at 4-5.) The Court incorporates that standard here.

[6]In the Order, the Court found that administrative exhaustion under Title VII is not jurisdictional, and thus the Court applies the Rule 12(b)(6) standard to consider whether the procedural obligations are satisfied. (ECF No. 45 at 4 n. 4.) As Plaintiff points out in her response, Defendant ignored this finding and made the same error as in the initial motion to dismiss, arguing that exhaustion is jurisdictional, (ECF No. 62 at 16.)

claim as to the third element.[7] (ECF No. 45 at 6-9.) Indeed, the Order examined specific allegations and explained what kinds of facts Thomas failed to allege to support the third element. For example, the Court pointed out that Thomas did not allege that other mail processing clerks who were assigned less arduous responsibilities were not African American, or allege facts for the Court to plausibly infer that these processing clerks were similarly situated to Thomas but were treated differently. (*Id.* at 10.) The few paragraphs in the FAC that make allegations as to race (ECF No. 50 at 3, 12-13, 23) do not allow for such inference to be drawn. Indeed, they compel a different conclusion— that Plaintiff was treated differently because of her disability, not because of her race— because she alleges that other mail processing clerks or multiple races were given preferential treatment. Plaintiff alleges that "other Mail Processing Clerks, . . . African American as well as Caucasian clerks, . . . and each not known to be a qualified individual with a disability, were tasked with those clerk duties and responsibilities that allowed them to sit or the use of a rest bar, while the Plaintiff was not." (*Id.* at 3.) Plaintiff further alleges that another employee, mail distribution clerk Hope White, who "is African American but much younger than Plaintiff and White has no known EEO protected activity and no apparent disabilities" was given "preferential treatment," and was not assigned to pitch parcels like Plaintiff. (*Id.* at 12-13.) Accepting these allegations as true[8], Plaintiff fails to plausible state a race discrimination claim.

Accordingly, the Court grants Defendant's Motion as to Plaintiff's first cause of action for race discrimination and dismisses that claim with prejudice.

///

---

[7]Defendant raises other arguments as to why the FAC fails to allege sufficient facts to show adverse actions were taken because of Plaintiff's race. (ECF No. 62 at 10-14.) The Court declines to address these alternative arguments relating to the same element.

[8]The Court must assume that all well-pled allegations in the FAC are true for the purposes of the determining dismissal under Rule 12(b)(6). *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Steinle v. City & Cnty. of San Francisco*, 919 F.3d 1154, 1158 n.1 (9th Cir. 2019).

### B.  Disability Discrimination Based on Disparate Treatment

Defendant seeks to dismiss Plaintiff's disparate-treatment disability discrimination claim, arguing that the FAC fails to plead facts to plausibly support that other similarly situated employees outside Plaintiff's protected class were treated more favorably. (ECF No. 62 at 14-16.) Defendant cites to Plaintiff's allegations in the two paragraphs under the third cause of action (*id*. at 15), but ignores that these paragraphs incorporated the prior allegations in the FAC. (ECF No. 50 at 36.) As the Court pointed out above, Plaintiff makes allegations that other mail processing clerks were given preferential treatment. While these allegations do not support a race discrimination claim, they are sufficient to plausibly support a claim for disability discrimination based on disparate treatment. Plaintiff alleges that other employees were "not known to be a qualified individual with a disability, [but] were tasked with those clerk duties and responsibilities that allowed them to sit or the use of a rest bar, while the Plaintiff was not." (*Id.* at 3.) Thomas further alleges that, while other mail processing clerks were assigned to "complete all the clerk duties that would have allowed her to work while sitting down or the use of a rest bar," Plaintiff was directed "to return to the arduous task of pitching parcels, which did not allow her to sit down or to use a rest bar and caused her severe pain and pressure in her feet." (*Id.* at 23.) Accepting these allegations as true, the Court finds that Plaintiff plausibly states a claim for disability discrimination based on disparate treatment.

Accordingly, the Court denies Defendant's Motion as to Plaintiff's disability discrimination claim.

### C.  Harassment/Hostile Work Environment

Defendant contends that Plaintiff has not exhausted her administrative remedies because she did not "mention the existence of hostile work environment" in her Equal Employment Opportunity Commission ("EEOC") complaint. (ECF No. 62 at 17.) Defendant offers as support the "Background" section of the EEOC's decision. (ECF No. 62-1.) In response, Plaintiff offers in part her July 3, 2013, EEOC Complaint of

5

Discrimination (ECF No. 67-1 ("EEOC Charge")) and references prior EEOC charges involving allegations of harassment (ECF No. 67-3 at 12) to argue she did sufficiently pursue administrative remedies as to her harassment claim. (ECF No. 67 at 29-30.) The Court agrees with Plaintiff.

In assessing whether a claim was brought before the EEOC, "[i]ncidents of discrimination not included in an EEOC charge may not be considered by a federal court unless the new claims are like or reasonably related to the allegations contained in the EEOC charge." *Green v. Los Angeles Cnty. Superintendent of Sch.*, 883 F.2d 1472, 1475-76 (9th Cir. 1989) (internal quotation marks omitted). Additionally, a district court may only hear charges that are "within the scope of an EEOC investigation that reasonably could be expected to grow out of the allegations." *Leong v. Potter*, 347 F.3d 1117, 1121 (9th Cir. 2003). A plaintiff's claims are reasonably related to allegations in the charge "to the extent that those claims are consistent with the plaintiff's original theory of the case," as reflected in the plaintiff's factual allegations and her assessment as to why the employer's conduct is unlawful. *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1100 (9th Cir. 2002). The court construes EEOC charges "'with utmost liberality since they are made by those unschooled in the technicalities of formal pleading.'" *Id.* (citing *Kaplan v. Int'l Alliance of Theatrical & Stage Emps.*, 525 F.2d 1354, 1359 (9th Cir. 1975)).

Liberally construing the EEOC Charge, Plaintiff's claim of harassment in this action is reasonably related to the allegations she made as part of the administrative process with regard to her disability.[9] In fact, the EEOC Charge refers to Plaintiff's statement where she opened with the reason for her complaint: "I am filing a formal complaint because of consistent harassment and unfair treatment from management."

---

[9] As discussed above, the FAC's allegations relate to Plaintiff's disability—in gist, Defendant's failure to provide reasonable accommodation and the alleged disparate treatment because of her disability. Because the harassment claim refers to the prior allegations in the FAC, the harassment claim can only be construed as harassment based on disability.

(ECF No. 67-1 at 2.) She then goes to identify the alleged treatment, including greater scrutiny of her work and harsher treatment. (*Id.*) In contending that Plaintiff did not exhaust administrative remedies as to her harassment claim, Defendant relies on the "Background" section in the EEOC's decision but ignores these central allegations in Plaintiff's EEOC Charge. The Court accordingly denies Defendant's Motion as to Plaintiff's fourth claim for harassment.

### IV.   COUNTER-MOTION FOR SUMMARY JUDGMENT

Thomas filed a counter motion for summary judgment, contending that Defendant's Motion lacks merits and "the issues are more simple and straightforward than the docket suggests." (ECF No. 75 (errata to Plaintiff's Motion) at 1.) The Court agrees with Defendant that Plaintiff's Motion is premature, and that Thomas has not met her burden to demonstrate the absence of genuine issues of material facts to support Plaintiff's Motion. (ECF No. 78.) As discussed above, the Court will grant Defendant's Motion in part, leaving three claims in the FAC to proceed.

### V.   CONCLUSION

The Court notes that the parties made several arguments and cited several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that Defendant's motion to dismiss (ECF No. 62) is granted in part and denied in part, as specified herein. The Court dismisses Plaintiff's race discrimination claim (first cause of action) with prejudice and Plaintiff's reprisal claim (second cause of action) without prejudice.

///

///

///

///

///

It is further ordered that Plaintiff's motion for summary judgment (ECF No. 73) is denied.

DATED THIS 9th Day of December 2024.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

8